**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MINTAI ANTWONNE BEDFORD,**

    **Plaintiff,**

v.                                          **Civil Action No. 5:12cv10**
                                                     **(Judge Stamp)**

**FEDERAL BUREAU OF PRISONS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On January 19, 2012, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to Bivens.[1]

Plaintiff was granted permission to proceed as a pauper on January 20, 2012, and was directed to pay an initial partial filing fee. After being granted an extension of time in which to do so, the plaintiff paid his initial partial filing fee on February 24, 2012.

This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### I. The Complaint

In his complaint, the plaintiff, now incarcerated at U.S.P. Hazelton, in Bruceton Mills, West Virginia, alleges that the defendant, the Federal Bureau of Prisons, has been negligent and is racially biased toward him because it gives "2 custody points" to young black males like him, who do not have a GED or high school diploma. He contends that this custody classification is "designed to send young black males to USP's."

The plaintiff alleges that while he was incarcerated at U.S.P. Allenwood, in Allenwood, Pennsylvania, on or about April 26, 2011, he was sexually assaulted by another inmate "for

---
[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

being 'hot,'" and despite the fact that the BOP knew he had a 5K1 motion from the government, the BOP conducted an inadequate investigation and then placed him back in the prison yard. Since then, he alleges he has attempted suicide twice and now takes antidepressants, and has been locked in the Special Housing Unit ("SHU") for months "for none [sic] disciplinary problems."

Further, the plaintiff alleges, while he was at U.S.P. Hazelton, in Bruceton Mills, West Virginia, on or about November 22, 2011, another inmate "who takes part in me being extorted broke into my wall locker and stole over 400$ [sic] worth of personal property."

The plaintiff describes his injuries as "tareage [sic] at my buttox [sic] which lead me to bleed for a week. The lose [sic] of 420.00 [sic] worth of personal property. Trouble sleeping."

As relief, he requests that he be compensated in the amount of $50,000.00; that he be moved to a federal correctional facility near St. Louis, MO; that he be permitted to "press outside charges" against the inmate who took his property; and that the BOP pay for his legal fees.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a

claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

#### A. Federal Bureau of Prisons

This action is being analyzed pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to §1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the Constitution or federal law. However, a Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Federal Bureau of Prisons, 355 F. 3d 1204 (10th Cir. 2003). Accordingly, the Federal Bureau of Prisons is not a proper defendant and must be dismissed.

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the claims in plaintiff's Bivens complaint (Dkt.#1) occurring at U.S.P. Hazelton, within this district against the be **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim, and those claims that occurred while he was at U.S.P. Allenwood, in the Middle District of Pennsylvania, be **DISMISSED without prejudice** for lack of personal jurisdiction.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the

---

[2] Id. at 327.

recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is also directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 28, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE