```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MINTAI ANTWONNE BEDFORD,

    Plaintiff,

v.                                          Civil Action No. 5:12CV10
                                                    (STAMP)

FEDERAL BUREAU OF PRISONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Background

The pro se[1] plaintiff, Mintai Antwonne Bedford, filed a civil rights complaint on January 19, 2012 asserting claims against the above-named defendant pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Bivens, 403 U.S. at 397. This matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommended disposition pursuant to Local Rule of Prisoner Litigation Procedure 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

In his complaint, the plaintiff alleges that the Federal Bureau of Prisons ("BOP") is racially biased because it awards "2 custody points" to uneducated, young, black males. The plaintiff contends that this custody classification is designed to send uneducated, young, black males like the plaintiff to United States Penitentiaries ("USPs"). The plaintiff also alleges that he was sexually assaulted while incarcerated at USP-Allenwood and that he had $420.00 worth of personal property stolen from him while he was incarcerated at USP-Hazelton. As relief, the plaintiff requests that he be compensated in the amount of $50,000.00, moved to a federal correctional facility near St. Louis, Missouri, that he be permitted to press "outside charges" against the inmate who stole his property, and that the BOP pay his legal fees.

After a preliminary review of the file, the magistrate judge issued a report and recommendation recommending that the claims in the plaintiff's <u>Bivens</u> complaint occurring at USP-Hazelton be dismissed with prejudice for failure to state a claim. Further, the magistrate judge recommends that those claims that occurred while the plaintiff was incarcerated at USP-Allenwood be dismissed without prejudice for lack of personal jurisdiction. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1), any party objecting to his proposed findings and recommendation must file written objections within fourteen days after being served with a copy of the report. No objections were

filed, however, on March 1, 2012, the plaintiff filed a letter motion requesting that he be transferred to the Oklahoma Transit Center in order to better his case. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety and the plaintiff's motion for a transfer must be denied.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 827-28 (E.D. Cal. 1979). Because the plaintiff filed no objections, this Court reviews the magistrate judge's report and recommendation for clear error.

## III. Discussion

In his report and recommendation, the magistrate judge states that a Bivens action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994) (holding that a Bivens action cannot lie against a federal agency itself); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002). Thus, the magistrate judge held that the BOP is not a proper defendant and must be dismissed. This Court finds no clear error in the magistrate judge's conclusion

that no Bivens action lies against a federal agency such as the BOP. See Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Accordingly, the plaintiff's complaint must be dismissed.

With regard to the plaintiff's letter motion requesting a transfer to the Oklahoma Transit Center, this Court notes that "[t]he classification and transfer of federal prisoners falls within the broad discretion of the Bureau of Prisons and a Court lacks authority to order that a prisoner be confined to any particular institution." Kaufman v. Baynard, No. 1:10-0071, 2012 WL 844480, at n.5 (S.D. W. Va. Feb. 3, 2012) (citing 18 U.S.C. § 3621(b)); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (stating that the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP). The United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Thus, the plaintiff's motion for transfer must be denied.

4

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the claims in the plaintiff's Bivens complaint occurring at USP-Hazelton are DISMISSED WITH PREJUDICE and those claims that occurred while the plaintiff was incarcerated at USP-Allenwood are DISMISSED WITHOUT PREJUDICE. Further, the plaintiff's motion for transfer (ECF No. 19) is DENIED.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:        March 20, 2012


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE